**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1171-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PEDRO ANAYA,
a/k/a SKIPPY,

    Defendant-Appellant.

_____

Submitted May 2, 2022 – Decided July 29, 2022

Before Judges Fasciale and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 18-10-0825.

Joseph E. Krakora, Public Defender, attorney for appellant (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Marc A. Festa, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After pleading guilty to second-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 35-5(b)(2), and third-degree possession of cocaine with intent to distribute within one thousand feet of school property, N.J.S.A. 2C:35-7, defendant Pedro Anaya appeals the Law Division order denying the motion by co-defendants Elizabeth Sanchez and Hiram Ramos and him to suppress evidence seized pursuant to a search warrant and their request for a Franks[1] hearing. He also challenges the order denying reconsideration. We affirm.

Before us, he raises the following single point argument:

> THE TRIAL COURT ERRED IN DENYING A FRANKS HEARING BECAUSE DEFENDANT MADE A SUBSTANTIAL PRELIMINARY SHOWING THAT THE AFFIDAVIT SUBMITTED IN SUPPORT OF THE SEARCH WARRANT CONTAINED MATERIAL[LY] FALSE STATEMENTS.

Defendant maintains he was entitled to a Franks hearing because there was a "substantial preliminary showing" that the affidavit Paterson Police Detective Keith Calderon submitted to obtain the search warrant contained materially false statements regarding Sanchez's cell phone number that was allegedly used to setup drug buys. The affidavit, according to defendant, "rested on the central

---

[1] Franks v. Delaware, 438 U.S. 154 (1978).

A-1171-19

claim that police had recently arranged for the [confidential informant] to make two controlled [drug] purchases from defendants" and stated "that he personally overheard the [informant] plan the drug sales with defendant . . . by calling a particular phone number," which the informant explained to Calderon was the "method of operation" he used to purchase drugs from defendants for several months.

Defendant argues he "presented subpoenaed telephone records showing that defendants did not have access" to the phone number used for the drug buys and "therefore the controlled buys could not have occurred as described in the warrant affidavit." He claims that though Sanchez was the previous subscriber for the listed phone number, "her account [for that number] was deactivated five months before the alleged controlled drug buys in July 2018." Subpoenaed phone records evinced that "the cell number that the warrant affidavit claimed defendants had used to arrange drug sales with the [informant] for 'several months' before July 8, 2018[,] was, in fact, completely inactive between February 9, 2018 and June 8, 2018." Despite Calderon stating in his affidavit that he had personally heard the informant and defendant speak twice when the

informant called the cell phone number, telephone records revealed the cell phone being registered to "Derek Jeter."[2]

At the motion for reconsideration, the judge was provided public records confirming Jeter as a real person and that his name was not a pseudonym, as he corroborated his identity when contacted at the number by the State and defense investigators, stating "he had no connection to any of the defendants." Defendant argues this evidence intimates that the details of the drug buys described in the affidavit "were . . . fabricated based on stale information regarding defendants, including a number that Sanchez had deactivated over five months prior to the warrant application." Consequently, defendant asserts the judge erred by "making speculative findings to explain the discrepancy between the warrant affidavit and defendant's proffered evidence."

We incorporate by reference the factual summary and legal analysis set forth in State v. Elizabeth Sanchez, No. A-1572-19 (September 27, 2021), wherein we rejected Sanchez's similar arguments that the motion judge abused her discretion in denying defendants a Franks hearing. We concluded:

> [Sanchez] failed to make a substantial preliminary showing that the inclusion of the cellphone number in the warrant affidavit was a material falsity. And even

---

[2] This was not Derek Jeter, the former New York Yankees and Hall of Fame baseball player.

if defendant satisfied her preliminary showing, which is not the case, and assuming further that the information was then excised from the affidavit, we conclude that the remaining information contained in the search warrant affidavit established sufficient probable cause. We, therefore, see no abuse of the motion judge's discretion by denying a <u>Franks</u> hearing.

[<u>Id.</u> at 15.]

Our holding in <u>Sanchez</u> applies here, and thus we reject defendant's contentions for the same reasons expressed therein. Hence, it is unnecessary to specifically address defendant's arguments.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION